UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KEITH AARON VANN,

    Plaintiff,

v.

WELLS FARGO BANK, et al.,

    Defendants.

_____/

No. C 12-1181 PJH

**ORDER**

    Plaintiff Keith Aaron Vann filed this action in the Superior Court of California, County of Alameda, on February 24, 2012, against defendants Wells Fargo Bank ("Wells Fargo") and a number of other defendants. On March 9, 2012, the remaining defendants having made no appearance, Wells Fargo removed the case, and on March 20, 2012, filed a motion to dismiss the complaint for failure to state a claim, pursuant to Federal Rule of Civil Procedure 12(b).

    Plaintiff's opposition to the motion was due on April 3, 2012. On April 2, 2012, plaintiff attempted to file a document entitled "Verified Answer and Counterclaim/ First Amended Complaint." The document also bears a hand-written notation, "Opposition to Motion to Dismiss." The court cannot consider this document for the following reasons.

    The document states that it is an "answer" to the motion to dismiss, and alleges seventeen "affirmative defenses," plus what appear to be "counterclaims." In federal court,

a plaintiff commences a civil action by filing a complaint. Fed. R. Civ. P. 3. Within 21 days after being served with the summons and complaint, the defendant must serve either an answer (including affirmative defenses) or a motion to dismiss. Fed. R. Civ. P. 12. The plaintiff does not file an answer (or allege affirmative defenses), as it is the plaintiff who files the complaint. The defendant may also file counterclaims or cross-claims. Fed. R. Civ. P. 13, 14. Again, it is not the plaintiff who files counterclaims.

In this district, when any motion is filed (including a motion to dismiss), unless the parties stipulate to a different schedule, the non-moving party must file an opposition within 14 days of the date the motion is filed, and the moving party must file a reply within 7 days of the date the opposition is filed. Civ. L.R. 7-3.

Accordingly, if plaintiff wishes to oppose the motion, he must file an opposition that addresses the arguments Wells Fargo has made. The "answer/counterclaim" that plaintiff has attempted to file cannot serve as an opposition. The court will give plaintiff one additional week to file an opposition. Thus, instead of April 3, 2012, the opposition will be due on April 10, 2012.

In addition, a plaintiff may amend the complaint once, as of right, so long as he does so within 21 days after serving the original complaint (or here, within 21 days after the date the action was removed); or within 21 days after a responsive pleading or a Rule 12(b) motion to dismiss has been filed. Fed. R. Civ. P. 15(a). Otherwise, a plaintiff must obtain the defendant's written permission or leave of court. Here, Wells Fargo filed its motion to dismiss on March 20, 2012, and the deadline for plaintiff to file an amended complaint as of right will be April 10, 2012.

If plaintiff wishes to file an amended complaint without obtaining the agreement of Wells Fargo or leave of court, he must do so by the April 10, 2012 deadline. If he files an amended complaint by that deadline, the original complaint will no longer have any force or effect, and Wells Fargo will need to withdraw its motion and file a new motion (or answer) that addresses the amended complaint.

The document that plaintiff has attempted to file as a "Counterclaim/ Amended

Complaint" cannot serve as an amended complaint because it is full of allegations about "counterclaimant[s]" and "counterdefendants." Plaintiff must allege claims against Wells Fargo and the other <u>defendants</u>.

**IT IS SO ORDERED.**

Dated: April 2, 2012

_____
PHYLLIS J. HAMILTON
United States District Judge