United States District Court

For the Northern District of California

1

2

3      UNITED STATES DISTRICT COURT

4      NORTHERN DISTRICT OF CALIFORNIA

5

6

7   KEITH AARON VANN,

8           Plaintiff,                          No. C 12-1181 PJH

9      v.                                  **ORDER GRANTING MOTIONS**
                                           **TO DISMISS**
10  WELLS FARGO BANK, et al.,

11          Defendants.
    _____/
12

13        Before the court are the motions to dismiss filed by defendants Wells Fargo Bank,

14  N.A. ("Wells Fargo"); Allen Matkins Leck Gamble Mallory & Natsis, LLP ("Allen Matkins");

15  and Kimble, Tirey & St. John ("KTS"); and the motion to expunge lis pendens filed by Wells

16  Fargo.  Having read the parties' papers and carefully considered their arguments and the

17  relevant legal authority, and good cause appearing, the court hereby GRANTS the motions

18  as follows.

19                              **BACKGROUND**

20        On August 9, 2005, plaintiff Keith Aaron Vann borrowed $414,500 from World

21  Savings Bank FSB ("World Savings"), evidenced by a promissory note secured by a Deed

22  of Trust to property located at 35 Shadow Mountain, in Oakland, California ("the property").

23  On November 19, 2007, World Savings became Wachovia Mortgage, FSB ("Wachovia

24  Mortgage").  Approximately two years later, Wachovia Mortgage became Wells Fargo

25  Bank, N.A.

26        Plaintiff defaulted on his obligation to repay the loan.  On November 3, 2011, Wells

27  Fargo recorded a Notice of Default through its agent Cal-Western Reconveyance

28  Corporation ("Cal-Western").  A Notice of Trustee's sale was recorded on February 7, 2012,

1 setting the date for the trustee's sale on February 27, 2012.

2 On February 24, 2012, plaintiff filed suit in the Superior Court of California, County of

3 Alameda, alleging six state law causes of action against defendants Wells Fargo Bank,

4 Wachovia Mortgage, World Savings Bank, LST Title Company as agent for Cal-Western,

5 and Golden West Financial Corporation. The gist of the complaint was that Wells Fargo

6 was improperly attempting to foreclose on the loan, based on various purported technical

7 defects in the foreclosure process.

8 On February 27, 2012, plaintiff recorded a Notice of Pendency of Action ("lis

9 pendens") in the Official Records of Alameda County, concerning the property.

10 On February 28, 2012, plaintiff sent a purported Qualified Written Request ("QWR")

11 to Wells Fargo. On March 14, 2012, Wells Fargo's counsel Keith Yandell (from the Allen

12 Matkins law firm) sent plaintiff a letter advising that the information requested in the QWR

13 was well beyond the scope of a QWR as defined in the Real Estate Settlement Procedures

14 Act ("RESPA"), 12 U.S.C. § 2605(e)(1)(B).

15 In particular, the letter noted that while a QWR is a written request to a loan servicer

16 stating specific reasons why a borrower believes the servicing of his account to be in error,

17 plaintiff's QWR requested more than 250 categories of information (including requests for

18 information about Wells Fargo's business practices and systems of record-keeping), but

19 stated no specific reason why he believed the servicing was in error.

20 The letter also noted that Mr. Yandell and plaintiff had also spoken on the phone,

21 and that Mr. Yandell had attempted to explain to plaintiff that he needed to narrow his

22 request, but that plaintiff had declined to do so.

23 Meanwhile, on March 9, 2012, Wells Fargo filed a notice of removal of the state

24 court action, alleging diversity jurisdiction.

25 On March 12, 2012, the property was sold, and Cal-Western, the trustee, conveyed

26 all interest in the property to Wells Fargo Home Mortgage, a division of Wells Fargo. On

27 March 20, 2012, the Trustee's Deed Upon Sale was recorded in the Official Records of

28 Alameda County. Nevertheless, it appears that plaintiff still resides at the property.

United States District Court
For the Northern District of California

United States District Court

For the Northern District of California

1    Also on March 20, 2012, Wells Fargo filed a motion to dismiss the complaint.  On

2   March 28, 2012, Cal-Western filed a declaration of non-monetary status, pursuant to

3   California Civil Code § 2924l.[1]  On March 29, 2012, Wells Fargo renoticed the motion to

4   dismiss, and also filed a motion to expunge the lis pendens that plaintiff had recorded

5   against the property that is the subject of the dispute.

6    On April 2, 2012, plaintiff filed a "Verified Answer and Counterclaim/First Amended

7   Complaint," which also bore a hand-written notation, "Opposition to Motion to Dismiss."

8   The court issued an order advising that plaintiff could not combine a pleading (first

9   amended complaint) with an opposition to a motion, and that as the plaintiff, he could not

10   assert counterclaims.

11    On April 4, 2012, plaintiff filed a first amended complaint ("FAC"), naming as

12   defendants Wells Fargo; Cal-Western; Golden West Savings Association Service Co.; Allen

13   _____

14        [1]  Under California Civil Code § 2924l, if

15        a trustee under a deed of trust is named in an action or proceeding in which that
         deed of trust is the subject, and in the event that the trustee maintains a
16        reasonable belief that it has been named in the action or proceeding solely in its
         capacity as trustee

17   then the trustee "may file a declaration of non-monetary status."  If timely objections are not
18   raised, then

19        the trustee shall not be required to participate any further in the action or
         proceeding, shall not be subject to any monetary awards and for damages,
20        attorneys' fees or costs, shall not be required to respond to any discovery
         requests as a nonparty, and shall not be bound by any court order relating to the
21        subject deed of trust that is the subject of the action or proceeding.

22   Cal. Civ.Code § 2924l.  While the Ninth Circuit has not ruled regarding whether § 2924l
     declarations are recognized in federal court, most district courts within this Circuit to have
23   considered the matter have concluded that § 2924l declarations are not recognized by federal
     courts under Erie R.R. v. Tompkins, 304 U.S. 64 (1938), because § 2924l is a state procedural
24   rule, not state substantive law.  See Kennedy v. PLM Lender Servs., Inc., 2012 WL 1038632
     at *5-6 (N.D. Cal. March 27, 2012); Bever v. Cal-Western Reconveyance Corp., 2012 WL
25   662336 at *1-4 (E.D. Cal. Feb. 28, 2012); Tran v. Washington Mutual, 2010 WL 520878 at *3
     (E.D. Cal. Feb.11, 2010).  As explained by these decisions, Federal Rule of Civil Procedure
26   7(a), which specifies the pleadings allowed in federal court, does not list a declaration of non-
     monetary status as one of them.  However, some federal district courts have recognized §
27   2924l declarations where the action originated in state court and was removed to federal court.
     See Kennedy, at *6, n*; see also Couture v. Wells Fargo Bank, N.A., 2011 WL 3489955 at *3
28   n.2 (S.D. Cal. Aug. 9, 2011).

1   Matkins; and KTS.

2       The FAC alleges 29 causes of action, apparently against all defendants (though that

3   is not entirely clear).  These include claims for (1) violations of the Money Laundering

4   Control Act, 18 U.S.C. §§ 1956, 1957; California Penal Code § 186.10, and California

5   Health & Safety Code § 11370.9(h)(1); and alleging intent to seek forfeiture pursuant to 18

6   U.S.C. § 981(d)(6); (2) violations of Fraud Enforcement and Recovery Act ("FERA"), 18

7   U.S.C. § 1956(a)(1), (2); (3) violations of RESPA, 12 U.S.C. § 2601, et seq.; (4) violations

8   of Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601, 1605, and Reg. Z, 12 C.F.R. § 226.4,

9   226.18(d); (5) fraudulent misrepresentation; (6) breach of fiduciary duty; (7) unjust

10  enrichment; (8) civil conspiracy; (9) violations of the Racketeer Influenced and Corrupt

11  Organizations Act ("RICO"), 18 U.S.C. § 1961, et seq.; (10) fraudulent inducement;

12  (11) "cancellation" of the promissory note and trust deed, based on a claim of restitution;

13  (12) violation and non-compliance with federal and state law (11 U.S.C. § 362(a), and Cal.

14  Civil Code §§ 2924h(g), 2932.5, seeking to set aside an "illegal" trustee sale); (13) violation

15  of Cal. Business & Professions Code § 17200; (14) wrongful foreclosure, in violation of Cal.

16  Civil Code §§ 2924, 2924.5, 2923.6(a), 2924h(g), and 2932.5; (15) usury; (16) predatory

17  lending, in violation of Cal. Financial Code §§ 4970-4979.8; (17) unfair debt collection

18  practices, in violation of the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal.

19  Civ. Code § 1788(e), (f); the federal Fair Debt Collection Practices Act ("FDCPA"), 15

20  U.S.C. § 1692, et seq.; and RESPA, 12 U.S.C. §§ 2601-2617; (18) slander of title; (19)

21  rescission based on fraud; (20) damages based on fraud; (21) accounting; (22) restitution,

22  damages, and penalties under Cal. Civil Code § 1916.12-1, et seq., and Cal. Const. art. xv

23  § 1; (23) lender liability; (24) rescission and restitution; (25) money had and received;

24  (26) negligent infliction of emotional distress;  (27) intentional infliction of emotional

25  distress; (28) statute of frauds; violations of 12 U.S.C. § 1823(e)(1); Cal. Civ. Code § 1624;

26  and (29) declaratory relief.

27      On April 12, 2012, Cal-Western filed a Declaration of Non-Monetary Status as to the

28  FAC, asserting that the FAC makes no credible allegations that Cal-Western failed to

United States District Court

For the Northern District of California

4

United States District Court

For the Northern District of California

1   perform any of its duties as trustee, and also asserting that a review of Cal-Western's file

2   confirmed that Cal-Western complied with the applicable foreclosure statutes.  Cal-Western

3   stated that it agreed to be bound by whatever non-monetary order or judgment the court

4   might issue with regard to the Deed of Trust that is the subject of this lawsuit.

5       Wells Fargo, Allen Matkins, and KTS now seek dismissal of the FAC for failure to

6   state a claim.  Wells Fargo has also filed a motion to expunge the lis pendens.  Plaintiff

7   (who refers to himself in the opposition as, variously, "Third Party Intervenor in behalf of the

8   Plaintiff/Debtor," as "Secured Party – Principal and Authorized Representative," and as

9   "Keith-Aaron: Vann, the live human being") opposes the motions.

**DISCUSSION**

10

11   A.   Motions to Dismiss

12       1.   Legal Standard

13       A motion to dismiss under Rule 12(b)(6) tests for the legal sufficiency of the claims

14   alleged in the complaint.  Ileto v. Glock, Inc., 349 F.3d 1191, 1199-1200 (9th Cir. 2003).

15   Review is limited to the contents of the complaint.  Allarcom Pay Television, Ltd. v. Gen.

16   Instrument Corp., 69 F.3d 381, 385 (9th Cir. 1995). To survive a motion to dismiss for

17   failure to state a claim, a complaint generally must satisfy only the minimal notice pleading

18   requirements of Federal Rule of Civil Procedure 8.

19       Rule 8(a)(2) requires only that the complaint include a "short and plain statement of

20   the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Specific

21   facts are unnecessary – the statement need only give the defendant "fair notice of the claim

22   and the grounds upon which it rests."  Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citing

23   Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

24       All allegations of material fact are taken as true.  Id. at 94.  However, legally

25   conclusory statements, not supported by actual factual allegations, need not be accepted.

26   See Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009) (courts are not bound to accept as true

27   "a legal conclusion couched as a factual allegation").  A plaintiff's obligation to provide the

28   grounds of his entitlement to relief "requires more than labels and conclusions, and a

United States District Court

For the Northern District of California

1  formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at

2  555 (citations and quotations omitted).  Rather, the allegations in the complaint "must be

3  enough to raise a right to relief above the speculative level."  Id.

4      A motion to dismiss should be granted if the complaint does not proffer enough facts

5  to state a claim for relief that is plausible on its face.  See id. at 558-59.  "[W]here the

6  well-pleaded facts do not permit the court to infer more than the mere possibility of

7  misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is

8  entitled to relief.'"  Iqbal, 556 U.S. at 679.

9      When resolving a motion to dismiss for failure to state a claim, the court may not

10 generally consider materials outside the pleadings, although the court may consider a

11 matter that is properly the subject of judicial notice.  See Fed. R. Evid. 201(b) (court may

12 take judicial notice of matters either generally known within the trial court's territorial

13 jurisdiction, or capable of accurate and ready determination by resort to sources whose

14 accuracy cannot reasonably be questioned); see also Lee v. City of Los Angeles, 250 F.3d

15 668, 688-89 (9th Cir. 2001); Mack v. South Bay Beer Distribs., Inc., 798 F.2d 1279, 1282

16 (9th Cir. 1986) (on a motion to dismiss, a court may properly look beyond the complaint to

17 matters of public record and doing so does not convert a Rule 12(b)(6) motion to one for

18 summary judgment).

19     Additionally, under the doctrine of incorporation by reference, the court may consider

20 on a Rule 12(b)(6) motion not only documents attached to the complaint, but also

21 documents whose contents are alleged in the complaint, provided the complaint

22 "necessarily relies" on the documents or contents thereof, the document's authenticity is

23 uncontested, and the document's relevance is uncontested.  Coto Settlement v. Eisenberg,

24 593 F.3d 1031, 1038 (9th Cir. 2010); Van Buskirk v. Cable News Network, Inc., 284 F.3d

25 977, 980 (9th Cir. 2002); Hal Roach Studios, Inc. V. Richard Feiner & Co., Inc., 896 F.2d

26 1542, 1555 n.19 (9th Cir. 1989).

27     Finally, in actions alleging fraud, "the circumstances constituting fraud or mistake

28 shall be stated with particularity."  Fed. R. Civ. P. 9(b).  Under Rule 9(b), the complaint

United States District Court

For the Northern District of California

1    must allege specific facts regarding the fraudulent activity, such as the time, date, place,

2    and content of the alleged fraudulent representation, how or why the representation was

3    false or misleading, and in some cases, the identity of the person engaged in the fraud.  In

4    re GlenFed Sec. Litig., 42 F.3d 1541, 1547-49 (9th Cir.1994).

5         2.    Wells Fargo's Motion

6         Wells Fargo argues that all causes of action alleged against it in the FAC should be

7    dismissed for failure to state a claim.

8              a.    In the first cause of action, plaintiff alleges that Wells Fargo conspired

9    with other "defendants" to violate the federal Money Laundering Control Act, 18 U.S.C.

10   §§ 1956, 1957; California Penal Code § 186.10; and California Health & Safety Code

11   § 11370.9(h)(1); and also alleges an "intent to seek forfeiture" pursuant to 18. U.S.C.

12   § 981(d)(6).  FAC ¶¶ 60-63.  Wells Fargo contends that the federal Money Laundering

13   Control Act does not allow a private right of action.  See Barrett v. City of Allentown, 152

14   F.R.D. 50, 55-56 (E.D. Pa. 1993) (unless there is clear congressional intent to provide a

15   civil remedy, a plaintiff cannot recover civil damages for an alleged violation of a criminal

16   statute).  Wells Fargo also asserts that plaintiff alleges no facts sufficient to support this

17   claim.

18        Wells Fargo does not address the part of the first cause of action that mentions

19   California Penal Code § 186.10 (setting forth elements of money laundering and specifying

20   penalties), and California Health & Safety Code § 11370.9(h)(1) (criminalizing receipt of

21   and intent to conceal proceeds derived from controlled substances offenses); or the "intent

22   to seek forfeiture" pursuant to 18 U.S.C. § 981(d)(6) (there is no (d)(6), but § 981 is the

23   federal civil forfeiture statute, which specifies property subject to forfeiture to the United

24   States).  However, no facts are pled in support of any of those claims.

25        In addition, they are based on criminal statutes having no private right of action.  See

26   Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980) (criminal statutes "provide no basis

27   for civil liability"); see also Ellis v. City of San Diego, 176 F.3d 1183, 1189 (9th Cir. 1999)

28   (criminal statutes do not generally provide a private cause of action nor basis for civil

7

liability).

b.      In the second cause of action, plaintiff alleges that Wells Fargo conspired with other "defendants" to violate FERA, 18 U.S.C. § 1956(a)(1), (2).  FAC ¶ 67. As with the first cause of action, Wells Fargo argues that the statutory scheme does not allow a private right of action.

c.      In the third cause of action, plaintiff alleges that "defendants' violated RESPA, 12 U.S.C. § 2601, et seq., by accepting "usurious charges" in connection with a mortgage that Wells Fargo never made.  FAC ¶ 71.  Wells Fargo argues that this claim fails because the documents attached to the FAC establish that Wells Fargo did in fact make a loan to plaintiff (as plaintiff conceded in the original complaint).  Moreover, Wells Fargo asserts, this RESPA claim relates to events that occurred in 2005, and is thus, time-barred under RESPA's one-year statute of limitations, 12 U.S.C. § 2614.

d.      In the fourth cause of action for violation of TILA, 15 U.S.C. §§ 1601, 1605, and Reg. Z, 12 C.F.R. § 226.4, 226.18(d), plaintiff alleges that "defendants" violated TILA by requiring plaintiff to make payments "under the previous owners [sic] discharged promissory note" and failing to provide disclosures required in connection with the loan. FAC ¶¶ 75-76.  Wells Fargo contends that plaintiff is bound by his admission in the original complaint that he did obtain a loan from Wells Fargo, and that this cause of action fails to state a claim because TILA does not require lenders to provide disclosures to borrowers who are assuming another name.  Further, Wells Fargo contends that the TILA claim is time-barred, under 15 U.S.C. § 1641(e), because plaintiff alleges that Wells Fargo failed to make disclosures in 2005, and the limitation period for claims based on failure to provide disclosures is one year.

e.      In the fifth cause of action for fraudulent misrepresentation, plaintiff alleges that "defendants" knowingly and intentionally concealed material information from him "which is required by Federal Statutes and Regulations to be disclosed" to plaintiff. FAC ¶ 79.  Wells Fargo asserts that this cause of action is preempted by the Home Owner's Loan Act of 1933 ("HOLA"), and also because it is not pled with specificity as

8

United States District Court

For the Northern District of California

1   required under Rule 9(b).

2        Federal savings associations, including federal savings banks, are subject to HOLA

3   and are regulated by the Office of Thrift Supervision ("OTS"). 12 U.S.C. § 1464; Silvas v.

4   E*Trade Mortg. Corp., 514 F.3d 1001, 1005 (9th Cir. 2008).  Because plaintiff's loan

5   originated with World Savings Bank, FSB, which was a federal savings bank, the claims

6   asserted in this action are subject to HOLA.  See Lopez v. Wachovia Mortg., 2010 WL

7   2836823 at *2 (N.D. Cal. July 19, 2010).

8        Under HOLA, the OTS enjoys "plenary and exclusive authority . . . to regulate all

9   aspects of the operations of Federal savings associations" and its authority "occupies the

10  entire field of lending regulation for federal savings associations." 12 C.F.R. §§ 545.2,

11  560.2(a). The Ninth Circuit has stated that the enabling statute and subsequent agency

12  regulations are "so pervasive as to leave no room for state regulatory control."  Conference

13  of Fed. Sav. & Loan Ass'ns v. Stein, 604 F.2d 1256, 1260 (9th Cir. 1979).  Under the

14  regulations promulgated by the OTS, HOLA preempts any state law claim having to do with

15  disclosures and advertising; processing, servicing, sale, or purchase of, or investment or

16  participation in, mortgages; terms of credit; and loan-related fees.  See 12 C.F.R.

17  § 560.2(b)(4), (5), (9), (10).

18       HOLA applies to the servicing of plaintiff's loan, and the fact that Wells Fargo

19  subsequently acquired World Savings does not change that result.  See Ngoc Nguyen v.

20  Wells Fargo Bank, N.A., 749 F.Supp. 2d 1022, 1033 (N.D. Cal. 2010).  Wells Fargo argues

21  that because the fraudulent misrepresentation claim seeks to impose state law liability for

22  allegedly failing to comply with the federal statutory scheme regarding disclosure, it is

23  clearly preempted by HOLA.

24       Wells Fargo also contends that the claim does not pass muster under Rule 9(b), as it

25  fails to allege fraud with particularity (the who, when, where, how, and by what means the

26  alleged fraud was perpetrated), and also fails to allege the elements of the claim (knowingly

27  false representation, intent to deceive or induce reliance, actual and justifiable reliance, and

28  resulting damages).

United States District Court

For the Northern District of California

1      f.      In the sixth cause of action for breach of fiduciary duty, plaintiff alleges

2  that "defendants" breached their fiduciary duties to him by "fraudulently inducing [him] to

3  enter into an extortionate usurious transaction."  FAC ¶ 85.  Wells Fargo argues that this

4  cause of action must be dismissed because a lender does not owe its borrowers a fiduciary

5  duty.  See Nymark v. Heart Fed. Sav. & Loan Ass'n, 231 Cal. App. 3d 1089, 1092 (1991).

6  Moreover, Wells Fargo argues, a claim for breach of fiduciary duty has a three-year statute

7  of limitations, see Cal. Civ. P. Code § 338(d), and this claim is therefore time-barred

8  because the loan was made more than three years before plaintiff filed the present action.

9      g.      In the seventh cause of action for unjust enrichment, plaintiff alleges

10  that "defendants" were unjustly enriched because they accepted payment but did not obtain

11  credit on his behalf, and because they cannot "retain the benefits of charging a usurious

12  higher interest rate."  FAC ¶¶ 89-90.  Wells Fargo argues that this cause of action must be

13  dismissed because there is no cause of action in California for unjust enrichment, and it

14  merely provides a basis for obtaining restitution.  See McBride v. Boughton, 123 Cal. App.

15  4th 379, 387 (2004).  Unjust enrichment is typically sought in connection with a

16  "quasi-contractual" claim in order to avoid unjustly conferring a benefit upon a defendant

17  where there is no valid contract.  Id. at 388.

18      Nor, Wells Fargo asserts, does plaintiff plead any of the elements of unjust

19  enrichment.  See Calistoga Civic Club v. Calistoga, 143 Cal. App. 3d 111, 117 (1983)

20  (reciting elements of unjust enrichment as (i) benefit conferred on defendant by plaintiff,

21  (ii) knowledge of defendant that benefit was conferred, and (iii) acceptance by defendant of

22  benefit under circumstances as to make it inequitable for defendant to retain benefit).

23      h.      In the eighth cause of action for civil conspiracy, plaintiff alleges that

24  "defendants" agreed to "engage in the conspiracy to defraud" him by charging him interest

25  on a note he had satisfied.  FAC ¶¶ 94-95.  Wells Fargo notes that conspiracy is not a

26  separate cause of action in California, but rather simply a theory of joint liability for an

27  underlying tort.  See Applied Equip. Corp. v. Litton Saudi Arabia, Ltd., 7 Cal. 4th 503, 510-

28  11 (1994)).  Wells Fargo asserts that plaintiff has not alleged facts sufficient to support a

United States District Court

For the Northern District of California

1   claim for conspiracy.  See Bartley v. California Ass'n of Realtors, 115 Cal. App. 3d 930, 934

2   (1980) (listing elements as (i) formation and operation of conspiracy, (ii) wrongful act or

3   acts done pursuant thereto, and (iii) damage resulting from such act or acts).  Wells Fargo

4   contends that plaintiff does not and cannot state a claim for conspiracy because, as set

5   forth above, he has conceded that Wells Fargo issued him a loan and that he defaulted on

6   said loan.  Nor, Wells Fargo asserts, does plaintiff allege any underlying unlawful act that

7   could support an allegation of conspiracy.

8               i.      In the ninth cause of action for RICO violations, under 18 U.S.C.

9   § 1961, et seq. (predicated upon alleged mail fraud, wire fraud, extraterritorial transfers,

10  state law extortion, and use of unlawful funds), plaintiff alleges that Wells Fargo conspired

11  with other "defendants" engaged in a scheme to charge him usurious interest and to collect

12  an "unlawful debt," by compelling him to pay interest at a rate higher than 7% despite the

13  fact that Wells Fargo had no written contract with him.  FAC ¶¶ 108-125.  Wells Fargo

14  asserts that this cause of action must be dismissed because plaintiff previously conceded

15  in the original complaint that he did have a written loan agreement with Wells Fargo (citing

16  Cplt ¶ 8) and also conceded as much in Exh. E to the FAC (copy of August 3, 2005

17  promissory note evidencing loan on subject property, plus Deed of Trust recorded August

18  9, 2005).

19              j.      In the tenth cause of action for fraudulent inducement (against Wells

20  Mortgage and Cal-West Capital – possibly intended as a reference to Wells Fargo and Cal-

21  Western), plaintiff alleges that the parties' loan agreement fails to comply with the statute of

22  frauds, that Wells Fargo has falsely stated that plaintiff owes it money, and that Wells

23  Fargo failed to disclose key terms that were part of the parties' supposed "unwritten"

24  agreement.  FAC ¶¶ 132-137.  Wells Fargo argues that this cause of action must be

25  dismissed because plaintiff has conceded that he had a written agreement with Wells

26  Fargo; because, to the extent that plaintiff is alleging that the terms of his loan were not

27  adequately disclosed, the claim is preempted by HOLA; and because the claim is time-

28  barred under the applicable statute of limitations, see Cal. Civ. P. Code § 338(d).  In

11

United States District Court

For the Northern District of California

1   addition, Wells Fargo asserts that the statute of frauds is a defense, not a cause of action,

2   see Cal. Civ. Code § 1624, and that in any event, Wells Fargo has already foreclosed on

3   the property, so the statute of frauds is of no moment here.

4          k.     In the eleventh cause of action for "cancellation" of the promissory note

5   and trust deed, based on a claim of restitution, plaintiff alleges that on August 9, 2005, the

6   promissory note and Deed of Trust were "discharged by Federal decree when [the loan]

7   was sold as a Security," and requests that the original note and Deed of Trust "be brought

8   to court for inspection and review," and for cancellation.  FAC ¶¶ 139-141.  Wells Fargo

9   does not separately address this cause of action, but it reasonably can be considered in

10  conjunction with the argument, below, regarding the twelfth cause of action to set aside the

11  trustee sale – specifically, that the claim is barred by plaintiff's failure to allege tender.  See

12  Abdallah v. United Savings Bank, 43 Cal. App. 4th 1101, 1109 (1996);  see also Garfinkle

13  v. JPMorgan Chase Bank, 2011 WL 3157157 at *2 (N.D. Cal. July 26, 2011).

14         In addition, plaintiff has not alleged facts sufficient to state a cause of action for

15  cancellation of the Trust Deed.  See Star Pac. Invs., Inc. v. Oro Hills Ranch, Inc., 121 Cal.

16  App. 3d 447, 457 (1981).  As for his request that defendants produce the original note and

17  Deed of Trust, there is no requirement under California law that the party initiating

18  foreclosure be in possession of the original note.  See Clark v. Countrywide Home Loans,

19  Inc., 732 F.Supp. 2d 1038, 1043 (E.D. Cal. 2010).

20         l.     In the twelfth cause of action to set aside the "illegal" trustee sale,

21  based on alleged violation of federal and state law (11 U.S.C. § 362(a), and Cal. Civil Code

22  §§ 2924h(g), 2932.5), plaintiff alleges that the sale of the subject property should be set

23  aside because Wells Fargo "did not record the deed of trust assignment prior to the trustee

24  sale."  FAC ¶ 147.  Wells Fargo contends that this cause of action should be dismissed

25  because plaintiff has attached the recorded Deed of Trust as an exhibit to the FAC (Exh.

26  E), and also alleged in the original complaint that he executed the Deed of Trust (citing Cplt

27  ¶¶ 8-9).  Moreover, Wells Fargo asserts, when a debtor is in default on a home mortgage

28  loan and a foreclosure is either pending or has taken place, the debtor must allege a

12

United States District Court

For the Northern District of California

1   credible tender of the amount of the secured debt to maintain any cause of action for

2   wrongful foreclosure.  See Karlsen v. American Sav. & Loan Ass'n, 15 Cal. App. 3d 112,

3   117 (1971)).  Wells Fargo argues that because plaintiff has not alleged a willingness to

4   tender, this cause of action fails to state a claim.

5           m.     In the thirteenth cause of action for violation of California Business &

6   Professions Code § 17200, plaintiff alleges that in violating the various statutes mentioned

7   elsewhere in the FAC, "defendants" engaged in "unlawful" business practices, and that in

8   engaging in a "pattern of behavior, course of conduct[,] or business practice," "defendants"

9   engaged in "unfair" business practices, all in violation of § 17200.  FAC ¶¶ 157-159.

10          To state a claim under § 17200, a plaintiff must allege that a defendant engaged in

11  an "unlawful, unfair, or fraudulent business act or practice" or in "unfair, deceptive, untrue

12  or misleading advertising."  Cal. Bus. & Prof. Code § 17200. Because the statute is written

13  in the disjunctive, it applies separately to business practices that are (1) unlawful, (2) unfair,

14  or (3) fraudulent.  Pastoria v. Nationwide Ins., 112 Cal. App. 4th 1490, 1496 (2003).

15          Wells Fargo argues that the claim of unlawful business practices must be dismissed

16  because plaintiff has failed to allege facts sufficient to support any claim of a statutory

17  violation; and that the claim of unfair business practices must be dismissed because

18  plaintiff has failed to identify any conduct by Wells Fargo that is "immoral, unethical,

19  oppressive, unscrupulous, or substantially injurious to consumers" or the violation of a

20  public policy.  See Bardin v. DaimlerChrysler Corp., 136 Cal. App. 4th 1255, 1260-61

21  (2006).

22          n.     In the fourteenth cause of action for wrongful foreclosure, plaintiff

23  alleges that the trustee's sale was unlawful (1) because Wells Fargo did not comply with

24  Civil Code § 2923.5 by contacting him regarding a loan modification; (2) because Wells

25  Fargo did not comply with Civil Code § 2923.6 by offering him a loan modification; (3)

26  because Wells Fargo prevented him from bidding at the foreclosure sale; and (4) because

27  Wells Fargo did not record the Deed of Trust prior to the trustee's sale.  FAC ¶¶ 164-169.

28  Wells Fargo contends that this cause of action must be dismissed because plaintiff has not

United States District Court

For the Northern District of California

1   alleged, and cannot allege, tender of the loan proceeds, as is required to set aside a

2   trustee's sale.  See Karlson, 15 Cal. App. 3d at 117.

3       In addition, Wells Fargo asserts, plaintiff has failed to allege facts sufficient to show

4   that the alleged wrongful conduct prejudiced him, as required under Fontenot v. Wells

5   Fargo Bank, N.A., 198 Cal. App. 4th 256, 272 (2011).  Wells Fargo argues further that the

6   Civil Code § 2923.5 and § 2923.6 theories fail because HOLA preempts plaintiff's attempt

7   to apply those statutes to Wells Fargo; and that in any event, the only remedy under

8   § 2923.5 is to delay foreclosure, which has already occurred in this case, and there is no

9   private right of action under § 2923.6.

10          o.      In the fifteenth cause of action for usury, plaintiff alleges that

11  "defendants," and in particular, Wells Fargo, violated California's usury law by charging him

12  interest at a rate higher than 7%.  Wells Fargo asserts that this cause of action must be

13  dismissed because the California law cited by plaintiff purports to regulate the terms of

14  credit that Wells Fargo may offer, a claim that is preempted by HOLA.  See Sepulveda v.

15  Highland Fed. Sav. & Loan, 14 Cal. App. 4th 1692, 1709 (1993).

16          p.      In the sixteenth cause of action for predatory lending, plaintiff alleges

17  that Wells Fargo engaged in predatory lending practices – "the specifics of which are

18  unknown" – in violation of California Financial Code §§ 4970-4979.8.  FAC ¶ 179-180.

19  Wells Fargo asserts that this cause of action must be dismissed because the claim is

20  preempted by HOLA; because plaintiff pleads no facts showing he obtained a "covered

21  loan" under the Financial Code sections cited; because he does not identify any specific

22  violation of the statute's requirements; and because his claim is barred by the applicable

23  statute of limitations, see Gutierriez v. PNC Mortgage, 2012 WL 1033063 at *2-3 (S.D. Cal.

24  March 26, 2012).

25          q.      In the seventeenth cause of action for unfair debt collection practices,

26  plaintiff alleges that "defendants . . . in taking the actions aforementioned," violated the

27  RFDCPA, Cal. Civ. Code § 1788(e), (f); the FDCPA, 15 U.S.C. § 1692, et seq.; and

28  RESPA, 12 U.S.C. §§ 2601-2617.  Wells Fargo argues that this cause of action must be

United States District Court
For the Northern District of California

1     dismissed because plaintiff fails to allege which portion of these acts were violated or how.

2          In addition, Wells Fargo asserts that it is not a "debt collector" as that term is defined

3     in the FDCPA, and that plaintiff pleads no facts showing that Wells Fargo was collecting a

4     "debt." Wells Fargo contends that plaintiff's allegations all relate to foreclosure, and asserts

5     that foreclosure-related activities are not collections of a debt within the meaning of the

6     FDCPA. See Aniel v. T.D. Serv. Co., 2010 WL 3154087 at *1 (N.D. Cal. Aug. 9, 2010);

7     see also Thomas v. Deutsche Bank Nat. Trust, 2012 WL 1600434 at *4 (N.D. Cal. May 7,

8     2012) (stating that the vast majority of district courts within the Ninth Circuit to have

9     considered the issue have concluded that the FDCPA does not apply to actions taken by

10    lenders or their agents when foreclosing on the lender's security interest under a deed of

11    trust, in a non-judicial foreclosure of property); McClain v. Wells Fargo Bank, N.A., 2012

12    WL 851402 at *5 (N.D. Cal. March 13, 2012) (same).

13         Wells Fargo does not separately address the allegation that "defendants" violated

14    the RFDCPA or RESPA by engaging in unspecified "unfair debt collection practices," but a

15    similar theory applies to the RFDCPA claim – that is, non-judicial foreclosure is not

16    consider "debt collection" under the Rosenthal Act. See Saldate v. Wilshire Credit Corp.,

17    711 F.Supp. 2d 1126, 1131-32 (E.D. Cal. 2010). In addition, plaintiff alleges no facts

18    showing how any alleged unfair debt collection practices could possibly have violated

19    RESPA.

20              r.     In the eighteenth cause of action for slander of title, plaintiff alleges

21    that "defendants" slandered the title of the subject property because the trustee's sale was

22    invalid. FAC ¶ 186. Wells Fargo asserts that this cause of action must be dismissed

23    because, for the reasons stated above, plaintiff has failed to plead facts showing that the

24    trustee's sale was invalid. In addition, Wells Fargo argues, this claim fails because plaintiff

25    has failed to allege tender. See Abdallah, 43 Cal. App. 4th at 1109.

26              s.     In the nineteenth cause of action for rescission based on fraud, plaintiff

27    alleges that "defendants" fraudulently induced plaintiff to enter into the loan agreement, and

28    that he is therefore entitled to rescission of the loan agreement. FAC

United States District Court

For the Northern District of California

1   ¶ 189-193.  Wells Fargo argues that this claim fails for the reasons stated above, with

2   regard to the fifth cause of action for fraudulent misrepresentation and/or the tenth cause of

3   action for fraudulent inducement.  In addition, Wells Fargo contends, the rescission claim

4   fails because Wells Fargo has already foreclosed on the Deed of Trust that plaintiff seeks

5   to rescind.

6          t.     In the twentieth cause of action for damages based on fraud, plaintiff

7   alleges that he has "suffered damages as a proximate result of [d]efendants' fraud."  FAC

8   ¶ 195.  Wells Fargo argues that this cause of action should be dismissed for the reasons

9   set forth above with regard to the fifth cause of action for fraudulent misrepresentation

10  and/or the tenth cause of action for fraudulent inducement.

11          u.     In the twenty-first cause of action for an accounting, plaintiff alleges

12  that he has repeatedly requested that "defendants" provide an accounting of "all advances,

13  fees, costs, interest accruals, payments, allocations of payments to principal, interest, fees

14  of costs with respect to each of the loans [sic] identified hereinabove[,]" and that

15  "defendants" have failed to provide such an accounting "despite contractual and legal

16  obligations to do so."  FAC ¶¶ 198-199.

17          Wells Fargo argues that this cause of action must be dismissed because plaintiff has

18  not alleged facts sufficient to support this claim.  See Kritzer v. Lancaster, 96 Cal. App. 2d

19  1, 6-7 (1950) (stating elements of claim as (i) a fiduciary relationship or other

20  circumstances appropriate to the remedy; (ii) a balance due from defendant to plaintiff

21  which can be ascertained only by an accounting; and (iii) misconduct).  Here, Wells Fargo

22  contends, plaintiff alleges no balance that is due to him, and in addition, that Wells Fargo,

23  as a lender, owes no fiduciary duty to plaintiff, as stated above with regard to the sixth

24  cause of action.

25          v.     In the twenty-second cause of action for restitution, damages, and

26  penalties, plaintiff alleges that "[t]he interest and fees charged and collected by

27  [d]efendants from [p]laintiff" were "usurious and unlawful tender" under Civil Code

28  § 1916.12-1, et seq., and Cal. Const. art. xv § 1.  FAC ¶ 201.  Wells Fargo asserts that this

1    cause of action must be dismissed because the allegations simply repeat the "usury"

2    allegations in the fifteenth cause of action, and in the other causes of action that allege

3    charges of "usurious" interest, and that this cause of action fails to state a claim for the

4    same reasons.

5              w.      In the twenty-third cause of action for lender liability, plaintiff alleges

6    that "defendants" insisted that he "extortionate usurious payments towards an alleged

7    mortgage," that they "assumed a duty to act in good faith and to take such steps as were

8    reasonably necessary" to "allow [him] to remain in his home," and that they "refused to

9    cooperate reasonably" with plaintiff and "violated the covenant of good faith and fair

10   dealing, and breached their duties" toward plaintiff.  FAC ¶¶ 205-207.  Wells Fargo argues

11   that this cause of action must be dismissed because plaintiff concedes that he borrowed

12   over $400,000 from Wells Fargo pursuant to a Deed of Trust, and that he cannot now

13   complain that after he defaulted on his obligation, Wells Fargo enforced the precise rights

14   for which it contracted.

15             x.      In the twenty-fourth cause of action for rescission and restitution,

16   plaintiff alleges that he is "entitled" to "rescind any and all perceived or alleged mortgage

17   notes, deeds, or liens on the subject property" and to "the restitution of all sums paid to

18   [d]efendants pursuant thereto[,]" because Wells Fargo charged usurious interest rates and

19   induced him to enter into the mortgage loan agreement by fraud.  FAC ¶ 211-217.  Wells

20   Fargo argues that this cause of action must be dismissed for the same reasons as the prior

21   usury and fraud claims, and also contends that the claim is moot because Wells Fargo has

22   already foreclosed upon the Deed of Trust that plaintiff seeks to rescind.

23             y.      In the twenty-fifth cause of action for money had and received, plaintiff

24   alleges that "defendants" should repay him the sum of "no less than $280,000," which he

25   claims represents the "usurious, unlawful, and uncollectible interest" charged on his loan.

26   Wells Fargo asserts that this cause of action must be dismissed because plaintiff has failed

27   to allege facts sufficient to support the claim.  See Sandy v. McClure, 676 F.Supp. 2d 866,

28   880 (S.D. Cal. 2009) (reciting elements of claim as (i) defendant has received money to use

1  for benefit of plaintiff, and (ii) defendant is obligated in equity and good conscience to return

2  money to plaintiff).  Here, Wells Fargo asserts, plaintiff has conceded that he borrowed

3  money from Wells Fargo pursuant to a promissory note, and later defaulted on that

4  obligation.

5  z.     In the twenty-sixth cause of action for negligent infliction of emotional

6  distress and the twenty-seventh cause of action for intentional infliction of emotional

7  distress, plaintiff alleges that "defendants" failed to provide him with accurate and timely

8  information regarding the non-judicial foreclosure process.  FAC ¶¶ 224, 228.  Wells Fargo

9  contends that these two causes of action fail because they are preempted by HOLA, as

10 plaintiff is seeking to impose disclosure requirements on a federally chartered bank.  Wells

11 Fargo also asserts that the intentional infliction of emotional distress claim also fails

12 because plaintiff alleges no facts showing any extreme or outrageous conduct on the part

13 of Wells Fargo.

14 aa.    In the twenty-eighth cause of action for violation of the statute of

15 frauds, plaintiff alleges that Wells Fargo is barred from demanding payment on a loan that

16 was not reduced to writing.  FAC ¶¶ 232-234.  Wells Fargo argues that this cause of action

17 must be dismissed because the statute of frauds is a defense, not a cause of action, and

18 because plaintiff has admitted numerous times that his loan agreement was in writing.

19 bb.    In the twenty-ninth cause of action for declaratory relief, plaintiff seeks

20 a judicial declaration that the "alleged mortgage loan" is "usurious, unconscionable, illegal,

21 unenforceable, and . . . nonexistent."  FAC ¶¶ 239-241.  Wells Fargo asserts that this

22 cause of action must be dismissed as moot because the foreclosure sale has already

23 occurred, and also because it is entirely duplicative of other claims.

24 In his opposition, plaintiff does not respond to any argument made by Wells Fargo,

25 concerning any of the 29 causes of action.  He does make three arguments, although none

26 is relevant to the claims alleged in the FAC, or to the arguments in Wells Fargo's motion.

27 First, plaintiff contends that he served Wells Fargo and Cal-Western a QWR on

28 February 28, 2012, to which Wells Fargo and its counsel at the Allen Matkins firm refused

United States District Court

For the Northern District of California

1   to provide the information requested.  Plaintiff also contends that on March 27, 2012, he

2   served a document entitled "Request for Debt Validation, Pursuant to the Fair Debt

3   Collection Practices Act," and that Wells Fargo and its counsel Allen Matkins again refused

4   to respond.  Copies of these documents are attached as exhibits to plaintiff's request for

5   judicial notice ("RJN").

6        Second, plaintiff asserts that on March 13, 2012, he served on all defendants a

7   document entitled "Re: Conditional Acceptance for Value for Proof of Claim upon Wells

8   Fargo Bank's Contract Claim for Determination of Meeting of the Minds; Fraud on the

9   Contract and an Unconscionable Contract; RESPA Qualified Written Demand;

10  TILA/HOEPA Qualified Written Demand; Validation of Debt Notice; Complaint and Dispute

11  of Debt; and Agreement for Commercial Discharge in re Account No. 512-40633646 CUSIP

12  No. (316345107)" which he claims "clearly states the CUSIP numbers related to the

13  securities fraud which is the basis of my complaint."

14       Plaintiff claims that defendants have 30 days to respond to this "Proof of Claim," and

15  that if they fail to respond, they "admit" the claims.  A copy of this document (which is

16  actually dated April 13, 2012, not March 13, 2012) is attached as an exhibit to plaintiff's

17  RJN, consists of more than 40 pages, and is unintelligible.  Defendants have apparently

18  made no attempt to respond to this document.

19       Finally, plaintiff contends that there is "an existing security agreement" between

20  "Keith-Aaron: Vann the human being" and "KEITH AARON VANN, the entity."  He then

21  adds some comments about securities fraud that make absolutely no sense.

22       In reply, Wells Fargo notes that, like the FAC, plaintiff's opposition to the motion is

23  largely unintelligible.  What is most important, Wells Fargo argues, is that plaintiff has made

24  no attempt to address any of the dispositive authority that Wells Fargo has outlined in its

25  moving papers, which dooms every one of plaintiff's 29 causes of action.

26       With regard to the new argument (or what appears to be a new argument) that Wells

27  Fargo violated RESPA by failing to respond to plaintiff's QWR, Wells Fargo asserts that the

28  documents plaintiff attaches to his RJN (copies of the purported QWRs and Wells Fargo's

United States District Court

For the Northern District of California

1  responses) show that the correspondence plaintiff sent to Wells Fargo does not constitute a

2  QWR as a matter of law, because it includes no statement of reasons for the borrower's

3  belief that the servicing of the account is in error.

4      RESPA imposes certain disclosure obligations on loan servicers who transfer or

5  assume the servicing of a federally related mortgage loan. 12 U.S.C. § 2605(b).  A

6  borrower may obtain such information by submitting a qualified written request or "QWR,"

7  which is statutorily defined as

8      a written correspondence, other than notice on a payment coupon or other
        payment medium supplied by the servicer, that –

9
        (i) includes, or otherwise enables the servicer to identify, the name and
10       account of the borrower; and

11      (ii) includes a statement of the reasons for the belief of the borrower, to the
        extent applicable, that the account is in error or provides sufficient detail to
12       the servicer regarding other information sought by the borrower.

13  12 U.S.C. § 2605(e)(1)(B); see also 24 C.F.R. § 3500.21(e) (2).  "A QWR must seek

14  information relating to the servicing of the loan; a request for loan origination documents is

15  not a QWR."  Jones v. PNC Bank, N.A., 2010 WL 3325615, at *2 (N.D. Cal. Aug. 20, 2010).

16

17      Here, Wells Fargo asserts, the purported QWR was simply a request for information

18  in over 200 categories – most of which were not relevant to the servicing of plaintiff's loan –

19  but which also did not state any reason that plaintiff believed there were specific errors in

20  the servicing.  In addition, Wells Fargo notes, it did respond to plaintiff's request, with an

21  attempt to get him to narrow the request and to state why he believed there were errors in

22  servicing (the purpose of the QWR).  And in any event, Wells Fargo adds, the trustee's sale

23  took place on March 12, 2012, which sale extinguished plaintiff's debt and terminated any

24  obligation on the part of Wells Fargo to respond to a QWR request, even assuming plaintiff

25  had eventually been able to submit one.

26      With regard to the reference to the request for "debt validation" pursuant to the

27  FDCPA, Wells Fargo asserts that it is not a debt collector within the meaning of the FDCPA

28  as a matter of law; that foreclosure proceedings do not constitute "debt collection" under

1   the FDCPA; and that, in any event, the request for "debt validation" was sent after the

2   property had already been sold and did not actually dispute the validity of a debt.

3   　　　With regard to plaintiff's assertion that if Wells Fargo fails to respond to the April 13,

4   2012 letter or notice, Wells Fargo will be deemed to have admitted all assertions in the

5   letter or notice, Wells Fargo responds that this claim is contrary to California law and

6   common sense.

7   　　　The court finds that the motion must be GRANTED, for the reasons argued by Wells

8   Fargo, as set forth above.  Ordinarily, "[l]eave to amend should be granted unless the

9   pleading could not possibly be cured by the allegation of other facts, and should be granted

10  more liberally to pro se plaintiffs."  McQuillion v. Schwarzenegger, 369 F.3d 1091, 1099

11  (9th Cir. 2004) (quotations omitted).  In this case, the court finds that the amendment would

12  be futile as to all causes of action alleged in the FAC, as follows:

13  　　　(1)　　The first and second causes of action (violation of criminal statutes), are

14  dismissed because there is no private right of action under criminal statutes.

15  　　　(2)　　The third (RESPA) and fourth (TILA) causes of action are dismissed as time-

16  barred.

17  　　　(3)　　The fifth (fraudulent misrepresentation), tenth (fraudulent inducement), part of

18  fourteenth (wrongful disclosure), fifteenth (usury), sixteenth (predatory lending), nineteenth

19  (rescission based on fraud), twentieth (fraud), twenty-second (restitution and damages,

20  based on usury), twenty-fourth (restitution and rescission, based on usury); twenty-sixth

21  (negligent infliction of emotional distress), and twenty-seventh (intentional infliction of

22  emotional distress) causes of action are dismissed based on HOLA preemption.

23  　　　(4)　　The sixth (breach of fiduciary duty) and twenty-first (accounting) causes of

24  action are dismissed because a lender does not owe a fiduciary duty to a borrower.

25  　　　(5)　　The seventh (unjust enrichment) cause of action is dismissed because unjust

26  enrichment is not a separate cause of action in California, and plaintiff has alleged no basis

27  for an underlying claim in quasi-contract.

28

United States District Court
For the Northern District of California

(6)　The eighth (civil conspiracy) and ninth (RICO) causes of action are dismissed because plaintiff alleges no underlying unlawful act, and because he has conceded that he had a written loan agreement and that he defaulted on said loan.

(7)　The eleventh (cancellation of promissory note and trust deed), twelfth (action to set aside "illegal" trustee sale), fourteenth (wrongful foreclosure), and eighteenth (slander of title) causes of action are dismissed because plaintiff alleges no facts showing that the trustee's sale was unlawful, and because he fails to allege tender.

(8)　The thirteenth (§ 17200) cause of action is dismissed because plaintiff alleges no violation of law sufficient to support a claim under the "unlawful" prong; alleges no facts sufficient to support a claim of unfair business practices, and the court is unable to glean any possible basis any such claim under the "unfair" prong; and alleges no facts sufficient to support a claim under the "fraudulent" prong (for the reasons set forth above with regard to the fifth, tenth, nineteenth, and twentieth causes of action).

(9)　The seventeenth (FDCPA and RFDCPA) cause of action is dismissed because Wells Fargo is not a "debt collector" and because foreclosure proceedings are not "debt collection."

(10)　The seventeenth (RESPA) cause of action is dismissed because RESPA is not a debt collection statute.

(11)　The twenty-third (lender liability) cause of action is dismissed because plaintiff alleges no unlawful action on the part of Wells Fargo.

(12)　The twenty-fifth (money had and received) cause of action is dismissed because the allegation that Wells Fargo and/or other defendants should pay plaintiff back the $280,000 in interest that he allegedly was charged on the loan is inconsistent with the other factual allegations in the FAC. That is, it is clear from other allegations in the FAC (or in the original complaint) that plaintiff borrowed the money and agreed to pay it back with interest. Thus, the facts pled in the original complaint and in the FAC serve to contradict any allegation that Wells Fargo "received money to use for the benefit of" plaintiff, which it is required to return to him.

United States District Court
For the Northern District of California

1    (13)   The twenty-eighth (statute of frauds) cause of action, which claim also makes

2    up part of the tenth (fraudulent inducement) cause of action, is dismissed because the

3    statute of frauds is a defense, not a cause of action.

4    (14)   The twenty-ninth (declaratory relief), nineteenth (rescission of note and Deed

5    of Trust), and twenty-fourth (rescission and restitution) causes of action are dismissed as

6    moot because the foreclosure sale has already occurred.

7        3.    Allen Matkins' Motion

8        Allen Matkins (Wells Fargo's counsel) argues that the claims asserted against it

9    should be dismissed because plaintiff pleads no facts in the FAC that reference Allen

10   Matkins, other than the allegation that Allen Matkins is a corporation engaged in the

11   business of foreclosures and/or collections, FAC ¶ 9, and the prayer (in the prayer for

12   relief), that Allen Matkins "be required to deed back to the Plaintiff the subject property."

13   Allen Matkins also asserts that its conduct as counsel for Wells Fargo is privileged under

14   Civil Code § 47(b)'s litigation privilege.

15       Plaintiff filed an opposition that purports to address both the Wells Fargo motion and

16   the Allen Matkins motion, but he does not respond to any of Allen Matkins' arguments.

17       The court finds that the motion must be GRANTED.  The litigation privilege, codified

18   at Civil Code § 47(b), provides that a "publication or broadcast" made as part of a "judicial

19   proceeding" is privileged. This privilege is absolute in nature, applying "to all publications,

20   irrespective of their maliciousness." Silberg v. Anderson, 50 Cal. 3d 205, 216 (1990).  The

21   privilege applies to any communication made in judicial or quasi-judicial proceedings, by

22   litigants or other participants authorized by law, to achieve the objects of the litigation, and

23   which has some connection or logical relation to the action.  Id. at 212.  The privilege is not

24   limited to statements made during a trial or other proceedings, but may extend to steps

25   taken prior thereto, or afterwards.  Rusheen v. Cohen, 37 Cal. 4th 1048, 1057 (2006).

26       The dismissal is with prejudice, based on the litigation privilege, and also based on

27   plaintiff's complete failure to allege a single claim against Allen Matkins, or to respond to

28   any of Allen Matkins' arguments.

United States District Court

For the Northern District of California

1        4.    KTS' Motion

2        KTS argues that the claims against it should be dismissed because while plaintiff

3    alleges that the foreclosure was unlawful, it is impossible to tell from the FAC why that is

4    so.  In addition, KTS asserts, there is not a single fact pled in the FAC that mentions KTS,

5    apart from the allegation that KTS is a California corporation engaged in the business of

6    "foreclosures and or collections."  See FAC ¶ 10.

7        However, KTS argues, there are no allegations in the complaint that KTS was

8    involved in the foreclosure or that it has or had any ownership interest in the property, and

9    the documents attached as exhibits to the FAC and the Trustee's Deed Upon Sale show

10   that KTS has no interest in the property.  Finally, in the prayer for relief, plaintiff prays that

11   KTS "be required to deed back to the Plaintiff the subject real property."  KTS says it

12   cannot do this because it has no ownership interest in the property.

13       In his late-filed opposition, plaintiff responds only that he has stated a claim under

14   the FDCPA, and that KTS is a debt collector because it was "trying to collect a debt," in that

15   it served plaintiff with two 3-day notices to quit even after plaintiff sent a fax and a certified

16   letter telling KTS to "cease and desist."  Plaintiff does not mention any of the other causes

17   of action, and does not respond to any of KTS' arguments.

18       The court finds that the motion must be GRANTED.  The dismissal is with prejudice,

19   based on plaintiff's complete failure to allege a single claim against KTS, or to respond to

20   the majority of KTS' arguments.

21       In addition, as to the one cause of action that plaintiff did address in his opposition,

22   there is no allegation in the FAC that shows that KTS is a debt collector.  While the Ninth

23   Circuit has held that providing notice of a pending foreclosure sale is not a debt collection

24   activity under the FDCPA, see Santoro v. CTC Foreclosure Serv., 12 Fed. Appx. 476, 480

25   (9th Cir. 2001), it has not ruled on the question whether the act of foreclosing on a deed of

26   trust is a form of "debt collection" within the meaning of the FDCPA or the Rosenthal Fair

27   Debt Collection Practices Act.

28       Nevertheless, most district courts within the Circuit have found that they do not.

1   Valle v. JP Morgan Chase Bank, N.A., 2012 WL 1205635, at *7 (S.D. Cal. Apr. 11, 2012)

2   (citing Garfinkle, 2011 WL 3157157 at *3 (stating that district courts in the Ninth Circuit

3   have generally concluded that foreclosing on a property pursuant to a deed of trust is not a

4   debt collection within the meaning of the FDCPA, and collecting cases)); see also Thomas,

5   2012 WL 1600434 at *4; McClain, 2012 WL 851402 at *5.

6          In his opposition, plaintiff argues only that KTS served him with two 3-day notices to

7   quit, which he asserts makes KTS a "debt collector."  Attached to his opposition is (a) a

8   copy of a March 19, 2012 3-day notice to quit the premises, informing plaintiff that the

9   property had been sold and giving him three days to leave or be evicted; (b) a copy of a

10  letter from KTS to plaintiff, also dated March 19, 2012, stating that KTS has "been retained

11  to proceed with the eviction process if you fail to comply with the notice that has been

12  served," and that the process "will begin with filing a lawsuit against you for Unlawful

13  Detainer;" and (c) a copy of a March 19, 2012 letter from plaintiff to KTS, stating that the 3-

14  day notice is "illegal" and demanding various "proofs of claim" ("proof of claim" that KTS

15  has the right to ignore the lis pendens, "proof of claim" that Wells Fargo is the owner of the

16  property, and "proof of claim" that the actions taken by KTS are "legal").

17         Moreover, since the Notice of Sale Upon Trustee's Deed shows that the property

18  was sold on March 12, 2012, as of the date of the 3-day notice, there was no debt to

19  collect.  Thus, any action taken by KTS in its attempt to get plaintiff to vacate the property

20  cannot be considered "debt collection."

21  B.     Motion to Expunge Lis Pendens

22         1.     Legal Standard

23         With respect to the recording of a lis pendens, federal courts look to the law of the

24  state in which the property is located.  See 28 U.S.C. § 1964; Thomas, 2012 WL 1600434

25  at *4 (following California law).  In California, a recordation of a lis pendens is permitted in

26  any action by a "claimant" who asserts a "real property claim."  Cal. Civ. P. Code §§ 405.1,

27  405.4, 405.20.  A "real property claim" is defined, in relevant part, to be a cause of action

28  "which would, if meritorious, affect (a) title to, or the right to possession of, specific real

United States District Court

For the Northern District of California

1   property . . . ." Id. § 405.4.

2       A lis pendens is a recorded instrument that provides constructive notice of a pending

3   lawsuit affecting title to a specific real property. Id. § 405.24. A lis pendens ensures that

4   any person who attempts to buy that property takes it subject to any judgment that may be

5   entered. Id. The practical effect is to cloud title to the property and prevent its transfer until

6   the lis pendens is expunged. Because of its serious effect on the transferability of property,

7   a lis pendens must be expunged if the plaintiff cannot establish the "probable validity" of the

8   claim by a "preponderance of the evidence." Id. § 405.32.          "[T]he court shall order

9   that the notice [of pendency of action] be expunged if the court finds that the claimant has

10   not established by a preponderance of the evidence the probable validity of the real

11   property claim." Id. The party opposing the motion to expunge has the burden of proving

12   the probable validity of a real property claim. Id. § 405.30 ("The claimant shall have the

13   burden of proof under Sections 405.31 and 405.32.").

14       A claim has probable validity where "it is more likely than not that the claimant will

15   obtain a judgment against the defendant on the claim." Id. § 405.3. In ruling on a motion to

16   expunge, the court must consider the relative merits of the parties' positions, and decide

17   whether the plaintiff has met the burden of establishing the probable validity of the claim by

18   a preponderance of the evidence. Loeb & Loeb v. Beverly Glen Music, Inc., 166 Cal. App.

19   3d 1110, 1120 (1985).

20       2.      Wells Fargo's Motion

21       Wells Fargo argues that the lis pendens should be expunged because plaintiff

22   cannot establish the probable validity of his real property claims – that is, because he

23   cannot show that "it is more likely than not that [he] will obtain a judgment against the

24   defendants on the claim[s]." Cal. Civ. P. Code § 405.3.

25       Alternatively, Wells Fargo asserts, plaintiff should be required to post a bond as a

26   condition of maintaining the lis pendens in place, in an amount sufficient to cover the

27   damages suffered by Wells Fargo as a result of the maintenance of the notice (see id.

28   § 405.34) and also to cover the attorney's fees Wells Fargo will incur in the defense of the

United States District Court

For the Northern District of California

1   case.  In this case, Wells Fargo contends that plaintiff should be required to post a bond in

2   an amount no less than $34,196 (representing lost monthly loan payments plus attorneys

3   fees).

4        Plaintiff filed an opposition which does not address the governing legal standard and

5   which basically does not make sense.  First, plaintiff asserts that he (Keith Aaron Vann) is

6   the "debtor of the property," and that the "legal owner of the property" is "Keith-Aaron:

7   Vann, the live human being."

8        He then argues that if Wells Fargo wants the lis pendens expunged, it should

9   answer the April 13, 2012 document or letter described above, which is entitled "Re

10  Conditional Acceptance for Value for Proof of Claim Upon Wells Fargo Bank [etc.]" and

11  which is attached as an exhibit to plaintiff's RJN.  He adds that "it should be clear to the

12  court" that "defendants" agreed to the "Private Administrative Process," and as such, that

13  process should proceed to give the "defendants" time to respond to the "Conditional

14  Acceptance for Value of Proof of Claim [etc.]" that is referenced above.  Finally, he adds

15  that "it is in court that the defendants are subject to the Fair Debt Collection Practices Act."

16       In reply, Wells Fargo contends that its motion should be granted because plaintiff

17  has not provided any evidence of the probable validity of any real property claim.

18  Moreover, based on plaintiff's failure to plead any cause of action based on the "Proof of

19  Claim" document or letter, Wells Fargo asserts that plaintiff's opposition is non-responsive.

20  In addition, Wells Fargo argues that a plaintiff may not contest ownership of property or the

21  validity of a foreclosure sale by demanding that the lender prove it owns the property or

22  loan at issue.  See Gomes v. Countrywide Home Loans, Inc., 192 Cal. App. 4th 1149, 1155

23  (2011) (no cause of action under California foreclosure law for purpose of determining

24  whether the person initiating the foreclosure process is authorized to do so).  Wells Fargo

25  also asserts, in the alternative, that if the lis pendens is not expunged, the court should

26  require plaintiff to post a bond.

27       Nine days after Wells Fargo filed its reply brief, plaintiff filed a sur-reply (without

28  leave of court).  Here, plaintiff claims that Wells Fargo's counsel "perhaps forgot the facts of

United States District Court

For the Northern District of California

1   the case or the evidence of the case."  He asserts that it is "[t]he burden of the [p]laintiff . . .

2   to show Probative Evidence that is evidence that tends to prove what the party is claiming."

3   In this case, he asserts, he has "enough Probative Evidence thru Judicial Notice to show

4   the court we are ready to move forward twords [sic] trial."

5        Plaintiff also asserts that Wells Fargo has falsely asserted that plaintiff borrowed

6   $414,500 from World Savings, evidenced by a note and Deed of Trust; that World Savings

7   was the original beneficiary; that on November 19, 2007, World Savings became Wachovia

8   Mortgage; and that approximately two years later Wachovia Mortgage became Wells

9   Fargo.

10       According to plaintiff, "[p]er HJR-192 of June 5, 1933, there is no lawful money only

11  an Exchange."[2]  He asserts that he has "already provided the court with the CUSIP number

12  which means the bank sold the note committed Securities Fraud."  Thus, he claims, the

13  points made by Wells Fargo's counsel are "null, void, and moot."

14       He also attaches what he claims is a printout of his payment history, which he claims

15  shows that Wells Fargo has "fraudulently taken over $150,000 in payments for a property

16  they do not own or control," and he asks the court to take judicial notice of that "fact."

17       The court finds that the motion must be GRANTED.  Plaintiff has provided no

18  evidence sufficient to support a finding of probable validity of any of his property-related

19  claims. Although several of plaintiff's claims arguably qualify as real property claims, it is

20  the plaintiff's burden under California law to come forward with declarations and other

21  admissible evidence to establish by a preponderance of the evidence the probable validity

22  of such claims. See Cal. Civ. P. Code §§ 405.30, 405.32.

23       As discussed above, with regard to the motions to dismiss, plaintiff has failed to

24  adequately state these claims, and thus, cannot demonstrate the probable validity of such

25  claims.  Moreover, even if the court assumed that plaintiff had stated a real property claim,

26  _____

27       [2]  House Joint Resolution 192 was passed in June 1933 to suspend the gold
    standard.  See H.R. J. Res. 192, 73rd Cong. (1933).  See United States v. Beeman,
28  2011 WL 2601959 at *9-12 (W.D. Pa. June 30, 2011) (discussing courts' rejection of
    "redemptionist" or "sovereign citizen" theories).

1  he has failed to produce any evidence of its probable validity in his opposition. Indeed,

2  plaintiff provides no relevant evidence at all in his opposition.

### CONCLUSION

4      In accordance with the foregoing, the claims against defendants Wells Fargo Bank,

5  N.A.; Allen Matkins Leck Gamble Mallory & Natsis LLP; and Kimball, Tirey & St. John, are

6  DISMISSED with prejudice.

7      The motion of defendant Wells Fargo Bank, N.A. to expunge the lis pendens is

8  GRANTED.  It is ORDERED that the notice of pendency of action in the Official Records of

9  Alameda County recorded February 27, 2012 at Document No. 2012063469, concerning

10 the property located at 35 Shadow Mountain, Oakland, California 94605, APN 048-6436-

11 064 be EXPUNGED.

12     The May 30, 2012 hearing date is VACATED.

14 **IT IS SO ORDERED.**

15 Dated:  May 24, 2012

16                                    _____
                                     PHYLLIS J. HAMILTON
17                                   United States District Judge

*United States District Court*
For the Northern District of California

29