UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KEITH A. VANN,

    Plaintiff,                                 No. C 12-1181 PJH

    v.                                         **ORDER**

WELLS FARGO BANK, et al.,

    Defendants.

_____/

        Plaintiff Keith A. Vann filed the original complaint in the above-entitled action in Alameda County Superior Court on February 24, 2012, against defendants Wells Fargo Bank, f/k/a Wachovia Mortgage, f/k/a World Savings Bank ("Wells Fargo"); LSI Title Co. as agent for Cal-Western Reconveyance ("Cal-Western"); and Golden West Financial Corporation. The dispute involved a loan that plaintiff obtained from Wells Fargo, secured by a deed of trust on property located in Oakland, California. When plaintiff fell behind on the loan payments, the property was sold as part of a non-judicial foreclosure.

        On March 9, 2012, Wells Fargo filed a notice of removal, alleging diversity jurisdiction. Wells Fargo asserted that although both Golden West Financial Corporation and Cal-Western were California citizens, they were nominal parties only and could be ignored for purposes of diversity jurisdiction. Golden West Financial Corporation was the trustee on the original deed of trust, but was substituted out as trustee before plaintiff filed the lawsuit. Cal-Western was a trustee at the time the lawsuit was filed, but Wells Fargo claims that as a trustee, Cal-Western was acting as a mere stakeholder.

        On March 28, 2012, Cal-Western filed a declaration of non-monetary status pursuant to California Civil Code § 2924l, indicating that it had been named in the action

solely in its capacity as trustee, and had no involvement in the alleged wrongdoing, and also that it agreed to be bound by any non-monetary judgment.

On April 4, 2012, plaintiff filed a first amended complaint ("FAC") asserting 29 causes of action, apparently against "all defendants." In addition to Wells Fargo and Cal-Western, he named as defendants Golden West Savings Association Service Co., and two law firms. Neither LSI Title Company nor Golden West Financial Corporation was named as a defendant in the FAC, and those defendants were terminated.

Summons was issued as to Golden West Savings Association Service Co. and the two law firms. On April 12, 2012, Cal-Western filed another Civil Code § 2924l declaration of non-monetary status, as to the FAC. Plaintiff never responded to either of Cal-Western's declarations of non-monetary status.

On May 2, 2012, plaintiff filed a request for entry of default as to Golden West Savings Association Service Company. He claimed in a declaration May 1, 2012 that he had served this defendant on April 4, 2012, and that he had filed the proof of service with the court on May 9, 2012. However, no proof of service was filed. On May 15, 2012, the clerk declined the default, stating "No proof of delivery on file." Since that time, no proof of service of the summons and FAC has been filed.

On May 24, 2012, the court issued an order granting Wells Fargo's motion to dismiss, as well as the motions of the two law firms. The claims against those defendants were dismissed with prejudice. Thus, two defendants remain in the case – Golden West Savings Association Service Co., and Cal-Western.

With regard to Golden West Savings Association Service Co., more than 120 days have passed since the filing of the first amended complaint (where plaintiff for the first time named this defendant). Plaintiff is hereby ORDERED to file a proof of service, no later than September 7, 2012, showing that the summons and first amended complaint were served on Golden West by August 3, 2012, the time allowed under Federal Rule of Civil Procedure 4(m). If plaintiff is unable to establish service by that date, or fails to file the proof of service by September 7, 2012, Golden West will be dismissed from the case.

With regard to Cal-Western, the court will consider plaintiff's response, if any, to the question whether Cal-Western should be dismissed as a nominal party. Accordingly, the court will allow plaintiff until September 10, 2012, to file a response to Cal-Western's declarations of non-monetary status.

**IT IS SO ORDERED.**

Dated: August 27, 2012

_____
PHYLLIS J. HAMILTON
United States District Judge